FILED

2019 MAR -8 PM 2:29

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARL OSIER,**

    Plaintiff,

v.   CASE NO. _____

**TROPICAL NUT AND FRUIT CO.,** a Foreign Profit Corporation,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, TROPICAL NUT AND FRUIT CO., by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the applicable Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Middle District of Florida, hereby files this Notice of and Petition for Removal ("Petition for Removal"). Defendant hereby requests that this Court remove this action filed by the Plaintiff, CARL OSIER, from the Eighteenth Judicial Circuit in and for Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. The removal of this action is based on the following:

### Background

1. On or about January 25, 2019, a civil action was filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, under the name and style *Carl Osier v. Tropical Nut and Fruit Co.* (Case Number 2019-CA-000294-11-G)

(hereinafter the "Circuit Court Case"). A true and correct copy of the Complaint filed in the Circuit Court Case is being filed with this Court along with this Petition for Removal.

2. Plaintiff's Complaint in the Circuit Court Case alleges employment-related claims arising out of his former employment with Defendant. Specifically, Plaintiff's Complaint alleges two counts under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2061 *et seq.*: FMLA Interference (Count I) and FMLA Retaliation (Count II).

3. This action is within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1331, as Plaintiff's claims under the FMLA arise under the laws of the United States. *See* 28 U.S.C. § 1331.

4. This action is also within the jurisdiction of this Court pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

**Removal is Proper Based on Federal Question Jurisdiction**

5. Plaintiff's Complaint alleges two counts under the FMLA. This action is therefore within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States. *See* 28 U.S.C. § 1331.

**Removal is Also Proper Based on Diversity Jurisdiction**

6. This action is also within the jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

***There is Complete Diversity of Citizenship***

7. TROPICAL NUT AND FRUIT CO. is a foreign profit company that is incorporated and organized under the laws of the state of North Carolina and has its principal place of business in North Carolina. Pursuant to 28 U.S.C. § 1332 "[a] corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

8. There is complete diversity of citizenship between Plaintiff and Defendant in this action because:

    (a) Plaintiff is a citizen of the state of Florida, based upon information and belief and supported by Plaintiff's Complaint. *See* Complaint, ¶ 3.

    (b) Defendant is a foreign corporation that is incorporated under the laws of the state of North Carolina and has its principal place of business in North Carolina.

***The Amount in Controversy Exceeds the Jurisdictional Amount***

9. In his Complaint, Plaintiff seeks monetary damages including, but not limited to, alleged backpay and benefits, interest on backpay and benefits, front pay and benefits, liquidated damages, costs, and attorneys' fees. *See* Complaint, WHEREFORE clauses at pages 4 and 5. Plaintiff does not specify the amount of his alleged damages, but merely asserts that he is seeking damages in excess of $15,000 (i.e., the state Circuit Court jurisdictional amount). *Id.*, ¶ 2.

10. Where a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirements. *J. Katz v. C. Penney Corp.*, 2009 U.S.

Dist. LEXIS 51705, *8 (S.D. Fla. June 1, 2009). The FMLA authorizes recovery of damages including compensatory damages equal to the amount of any wages, salary,[1] employment benefits, or other compensation that the employee was denied or lost by reason of the violation. The FMLA also provides for recovery of liquidated (double) damages. 29 U.S.C § 2617 (a)(1)(A)(iii).

11. In his Complaint, Plaintiff alleges his employment with Defendant was terminated in August 2017. Plaintiff's claim for wages would be estimated by calculating the amount of lost wages Plaintiff alleges from August 2017 through the date of removal, March 8, 2019 (approximately 82 weeks). *See Henderson v. Ricoh,* 2009, U.S. Dist. LEXIS 12292, *5 (M.D. Fla. Dec. 22, 2009). At the time his employment was terminated, Plaintiff was a full time Roaster earning $18.36/hour, so his claim for backpay through the date of removal would be approximately $60,220.80. Plaintiff is also seeking liquidated damages, so the total would be $120,441.60. As such, the amount of Plaintiff's recoverable back pay establishes that the amount in controversy is satisfied in this case.

12. Plaintiff also seeks recovery for reasonable attorney's fees. *See* Complaint, WHEREFORE clauses at pages 4 and 5. The FMLA authorizes a successful plaintiff to recover attorneys' fees, so a reasonable amount of those fees is included in the amount in controversy. *See Wozniak v. Dolgencorp,* 2009 U.S. Dist. LEXIS 113437, *6 (M.D. Fla. Nov. 19, 2009) (involving attorneys fees under the Florida Civil Rights Act). Defendant's counsel may provide the Court with an estimate of Plaintiff's attorney's fees based on

---

[1] Lost wages and salary are often referred to as "backpay," and cover the period from termination until the time of trial.

Defendant's counsel's experience of the number of hours likely needed to litigate the case and an estimate of Plaintiff's attorney's hourly rate. *See Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, *4-8 (M.D. Fla. Mar. 23, 2007) (defendant's counsel's estimate of plaintiff's attorney's fees through trial was not a mere conclusory or speculative allegation because the estimate was based on defendant's counsel's experience regarding the number of hours likely needed to litigate the case and the hourly rate used was less than that charged by plaintiff's counsel).

13. Defendant's counsel, Kristyne E. Kennedy, has practiced law for nineteen (19) years, primarily representing management in employment-related matters. Based on her experience, at least 250 hours will be spent by Plaintiff's counsel litigating this matter through trial, and likely 10-25 of those hours prior to removal. The hourly rate customarily charged by someone with Plaintiff's counsel's experience is at least $450.00 per hour. Therefore, Plaintiff's attorney's fees in this case at the time of removal could be up to $11,000.00 or more, and through trial will likely be in excess of $112,500.00.

14. Plaintiff's recoverable back pay alone establishes the amount in controversy. Notwithstanding, his recoverable backpay combined with Plaintiff's potential recoverable attorney's fees clearly establishes that the amount in controversy exceeds $75,000.00.

15. Defendant has established by a preponderance of the evidence that the amount in controversy is met based on the nature of Plaintiff's alleged damages and potentially recoverable attorneys' fees. *See Gleason v. Roche*, 2009 U.S. Dist. LEXIS 25580 (M.D. Fla. 2009) (although uncontradicted evidence of past wages was sufficient to establish

amount in controversy, court noted that attorneys' fees for the entire case could be considered in determining the amount in controversy).

16. Accordingly, the amount in controversy in this case exceeds the jurisdictional amount under 28 U.S.C. § 1332(a)(1).

## Venue

17. The United States District Court for the Middle District of Florida, Orlando Division, includes the judicial circuit in which Plaintiff filed his Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

## Compliance with Procedural Requirements

18. Defendant TROPICAL NUT AND FRUIT, CO., was served with Plaintiff's Complaint, on February 6, 2019. This Notice of and Petition for Removal has been filed within thirty (30) days after service of the Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

19. Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are being filed with this Court along with this Notice of and Petition for Removal, as required by 28 U.S.C. § 1446(a) and Local Rule 4.02 M.D. Fla.

20. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this removal to all parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

WHEREFORE, Defendant, TROPICAL NUT AND FRUIT CO. respectfully requests that the United States District Court for the Middle District of Florida, Orlando Division, accept the removal of this action from the state court and direct that the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, have no further jurisdiction of this matter unless and until this case is remanded.

DATED this 8th day of March, 2019.

Respectfully submitted,

*/s/ Kristyne E. Kennedy*
KRISTYNE E. KENNEDY
FBN: 0194700
JESSICA DEBONO ANDERSON
FBN: 58503
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Primary Email:
kristyne.kennedy@csklegal.com
Secondary Email:
Jessica.anderson@csklegal.com
Secondary Email:
Jillian.sotomayor@csklegal.com
Telephone: (321) 972-0028
Facsimile:  (321) 972-0099

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of March, 2019, a true and correct copy of the foregoing was filed with the United States Middle District Clerk of the Court and delivered via e-mail and U.S. Mail to: Mary E. Lytle, Esq. and David V. Barszcz, Esq., mlytle@lblaw.attorney and dbarszcz@lblaw.attorney; Lytle & Barszcz, 543 N. Wymore Rd., Suite 103, Maitland, FL 32752.

/s/ *Kristyne E. Kennedy*

\\bunk-orldoc1\orldoc\190301_0005\[13210058] notice of and petition for removal (federal).docx